**Brian SAWYER, Plaintiff,**

v.

**Jim R. ASBURY, et al., Defendants.**

**Civil Action No. 6:10–cv–01256.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

May 18, 2012.

---

John H. Bryan, Martha J. Fleshman, John H. Bryan, Attorneys at Law, Union, WV, for Plaintiff.

Katie L. Hicklin, Wendy E. Greve, Pullin Fowler Flanagan Brown & Poe, Charleston, WV, for Defendants.

## MEMORANDUM OPINION & ORDER

JOSEPH R. GOODWIN, Chief Judge.

Mr. Sawyer's case was brought pursuant to 42 U.S.C. § 1983. He claimed that Deputy Asbury violated his due process right to be free from excessive force while being held as a pretrial detainee. The jury found for the defendant.

As I write this, I recall the trial of the officers involved in the Rodney King beating twenty years ago. There, the jury acquitted officers in the face of unequivocal videotape evidence of guilt. The public had seen the tape. The Los Angeles riots ensued. Here and now as there and then, the jury did what they thought was right but simply got it wrong. A rare event, but that is what judges are for.

Pending before the court is the plaintiff's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial [Docket 58]. For the reasons discussed below, the court **GRANTS** the plaintiff's Renewed Motion for Judgment as a Matter of Law and **ORDERS** that Judgment as a Matter of Law be entered for the plaintiff on the issue of liability and **ORDERS** that a new trial be set on the issue of damages.

The Due Process Clause prohibits law enforcement officers from inflicting "unnecessary and wanton pain and suffering" on individuals being held as pretrial detainees. *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir.2006) (quoting *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998)). A law enforcement officer is prohibited from using physical force in response to mere words from a pretrial detainee. *United States v. Cobb*, 905 F.2d 784, 789 (4th Cir.1990).

The exchange between Deputy Asbury and Mr. Sawyer from which Mr. Sawyer's claim arose was captured on video camera. That videotape was introduced at trial as plaintiff's exhibit 1. The video indisputably captures Deputy Asbury's excessive use of force on Mr. Sawyer at the Wood County holding center. I have incorporated a part of the videotape that was introduced at trial in this order so that all may see that the jury did not have a legally sufficient evidentiary basis to find for Deputy Asbury on the issue of liability. The following is a link to part of the videotape: *http:// www.wvsd.uscourts.gov/videos/* .

The verdict for the defendant is set aside and judgment for the plaintiff is hereby **ORDERED** to be entered on the issue of liability.

## I. Background

### A. *Facts*

The instant case arises out of a domestic disturbance call made on October 29, 2010, which involved the plaintiff, Mr. Sawyer, and his girlfriend. The defendant, Deputy Asbury, was working as a Wood County Sheriff's Deputy at the time and responded to the call. Mr. Sawyer admits that before Deputy Asbury's arrival, he drank beer and took Klonopin. (Trial Tr., 32:19–25, 33:1–3.) Deputy Asbury arrested Mr. Sawyer. An altercation arose, and Mr. Sawyer ultimately pled guilty to assaulting Deputy Asbury at the home. (*Id.* at 33:25, 34:1–4.) The guilty plea was not related to the actions at the Wood County holding center.

After the arrest at the residence, Deputy Asbury drove Mr. Sawyer to the hold-

ing center for processing. Mr. Sawyer admitted at trial that he was "running [his] mouth" to Deputy Asbury during the drive to the holding center. (*Id.* at 34:10–12.) The undisputed evidence was that he verbally abused and threatened Deputy Asbury. Upon arrival at the holding center, they were met by three other officers. The officers brought Mr. Sawyer into the processing room. (*Id.* at 143:2–7.) There was an operational motion-activated video camera in the processing room, but no audio was recorded.

Sergeant Kearns asked Mr. Sawyer to sit on a cement bench attached to the wall. (*Id.* at 143:8–10.) Mr. Sawyer sat until Deputy Asbury had him stand while he removed the handcuffs and searched him. (*Id.* at 143:8–11.) Deputy Asbury, Mr. Sawyer, and the other officers in the room all testified that Mr. Sawyer continued to be verbally belligerent. After the pat-down, Mr. Sawyer sat back down. (Pl.'s Ex. 1 [Docket 55–1], at 21:58:47.)

While Mr. Sawyer was seated on the bench, the video shows Mr. Sawyer and Deputy Asbury exchanging words and Deputy Asbury motioning upward, as if he was asking Mr. Sawyer to stand back up. (*Id.* at 21:59:03–17.) Mr. Asbury also patted his chest while facing Mr. Sawyer. (*Id.* at 21:59:14.) During the exchange, Mr. Sawyer remained seated on the bench and his lower back remained against the wall.

Shortly after patting his chest, Deputy Asbury attacked Mr. Sawyer, violently grabbing him around the throat with his right hand. (*Id.* at 21:59:17–21.)

As Deputy Asbury was choking Mr. Sawyer with his right hand, the other officers in the room began to move towards Deputy Asbury. (*Id.* at 21:59:20.) Then Deputy Asbury pulled his arm back. (*Id.* at 21:59:21.) The tape skips and does not show the completed arm movement.[1]

Once the other officers reached Deputy Asbury's side and began holding Mr. Saw-yer, Deputy Asbury pulled his right fist back again. (*Id.* at 21:59:21.) The video clearly shows Deputy Asbury punching Mr. Sawyer in the face, with the force of his blow knocking Mr. Sawyer's face to the side. (*Id.* at 21:59:22–23.)

---

1. The court requested that both parties compare the original tape recording and the copy of the tape introduced at trial out of concern for the skip in the tape. Both parties represented to the court that "there is no distinction in content found between the original and Plaintiff's Exhibit 1 at 21:59:21." (Parties' Joint Report on Review of Original Recording of Pl.'s Ex. 1 [Docket 60], at 1.)

Deputy Asbury then resumed choking Mr. Sawyer. (*Id.* at 21:59:23–26.)

The officers then took Mr. Sawyer to the floor and shortly thereafter they all were largely outside of the view of the video camera. (*Id.* at 21:59:36–41.) What occurred behind the wall is disputed by the parties. However, after the incident behind the wall, the officers left Mr. Sawyer injured on the ground and began to carry on other tasks. (*Id.* at 22:02:31–22:05:23.) Mr. Sawyer was left on the ground for a period of time until he managed to sit up. (*Id.* at 22:05:22–26.) Later, Mr. Sawyer was taken to the hospital where he was treated for a fractured nose. (Trial Tr. at 55:2–9.)

### B. *Procedural History*

On October 26, 2010, Mr. Sawyer initiated the instant suit by filing the Complaint against Deputy Asbury and the Wood County Commission, alleging that Deputy Asbury violated his Fourth and Fourteenth Amendment rights and bringing a negligence claim against the Wood County Commission. This court granted the defendants' Motion for Summary Judgment as to the negligence claim and the Fourth Amendment claim against Deputy Asbury.

On April 24, 2012, a trial was held in Parkersburg, West Virginia, on the excessive force claim. After the close of evidence, the plaintiff moved for judgment as a matter of law on the issue of liability. (Trial Tr., 192:7–23.) I took the Motion under advisement, citing "grave concerns" about the testimony presented by the officers. (*Id.* at 193:20–25, 194:1–7.) From my vantage point, the testimony appeared to be contradicted by the video recording of the incident. Counsel played it several times at different speeds with freeze frames on occasion. (*Id.*) During the trial, I was seated approximately twenty feet

away and at approximately a seventy-five degree angle from the screen.

I said in response to the Motion that I was reminded of the Marx Brothers' Duck Soup movie in which the heiress confronts Chico Marx dressed as Groucho and says "I saw," and he replies, "Who are you going to believe, me or your own eyes?" (*Id.* at 193:22–25, 194:1–2.) I took the Motion under advisement and pursuant to Rule 50, submitted the action to the jury subject to my later decision on the legal questions raised by the motion. I did so, despite my deep concerns, because efficiency favors submitting the question to the jury. *Phx. Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.*, 427 F.2d 862, 873–74 (4th Cir.1970) ("[W]e note in passing that it is frequently the better practice, where all of the evidence has been presented to the jury and at the close of the evidence a motion for directed verdict is made, for the trial judge to reserve ruling on that motion until the jury has reached a verdict."); 9B Charles Wright & Arthur Miller, Federal Practice and Procedure § 2533 (3d ed.2008). The jury found that the plaintiff had not "established, by a preponderance of the evidence, that the defendant applied force against him that was excessive and unnecessary, and additionally for the very purpose of causing harm to the plaintiff." (Verdict Form [Docket 52], at 1.)

After the trial, the plaintiff filed a Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial [Docket 58]. This Motion is now ripe for review.

## II. Legal Standards

### A. *Excessive Force on a Pretrial Detainee*

The Due Process Clause governs excessive force claims by pretrial detainees. *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir.2006). To prevail on an excessive force claim, a plaintiff must prove " 'that Defen-dants inflicted unnecessary and wanton pain and suffering' upon the detainee." *Id.* (quoting *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998)). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir.1998)). A plaintiff is no longer required to demonstrate that his injuries are not *de minimis*. *Wilkins v. Gaddy*, —— U.S. ——, 130 S.Ct. 1175, 1179, 175 L.Ed.2d 995 (2010). When determining whether an officer's actions violated due process, a court must consider "the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, and whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir.2008).

The Fourth Circuit has found that an officer is not justified in using physical force against a pretrial detainee based on the detainee's words alone. *United States v. Cobb*, 905 F.2d 784, 789 (4th Cir.1990). Courts have also found that officers may not punch pretrial detainees or prisoners in the face, and if an officer throws a punch under those circumstances, that action was intended to inflict unnecessary and wanton pain and suffering. *See, e.g., Chambers v. Cnty. of Macomb*, No. 03–73342, 2006 WL 1791398, at *7 (E.D.Mich. June 27, 2006) (finding no qualified immunity on claims against officers alleged to have choked and struck a prisoner); *Leland v. Vought*, No. 4:07–cv–20, 2008 WL 4525113, at *7 (N.D.Fla. Sept. 30, 2008) (stating that officer was not entitled to qualified immunity on claim that he allegedly punched a handcuffed prisoner in the back of the head); *see also Jones v. Buchanan*, 325 F.3d 520, 529–31 (4th Cir.

2003) (finding no qualified immunity on Fourth Amendment claim against officer who knocked individual to the ground and jumped on him in a holding center); *Bailey v. Kennedy*, 349 F.3d 731, 744 (4th Cir.2003); *Mesmer v. St. Mary's Cnty.*, No. DKC 10–1053, 2010 WL 4791884, at *9 (D.Md. Nov. 18, 2010) (finding that an officer was not entitled to qualified immunity on charges that he violated a pretrial detainee's due process rights by slamming him into a wall and punching him in the jaw).

### B. *Rule 50 Motion for Judgment as a Matter of Law and Renewed Motion for Judgment as a Matter of Law*

A court may grant judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED.R.CIV.P. 50(a). When considering a party's motion for judgment as a matter of law, the court must "view the evidence in the light most favorable" to the non-moving party and "draw all reasonable inferences in his favor without weighing the evidence or assessing the witnesses' credibility." *Baynard v. Malone*, 268 F.3d 228, 234–35 (4th Cir.2001). Judgment as a matter of law is inappropriate if a reasonable jury could find in favor of the non-moving party. *Id.* at 235. However, a court may grant judgment as a matter of law if the "evidence presented supports only one reasonable conclusion as to the verdict." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 831 (4th Cir.1999).

Rule 50 also states that "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." FED.R.CIV.P. 50(b). After the matter is submitted to the jury, the Rules allow a movant to file a renewed motion for judgment as a matter of law. *Id.* "When a jury verdict has been returned, judgment as a matter of law may be granted only if, viewing the evidence in a light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Int'l Ground Transp. v. Mayor & City Council of Ocean City, Md.*, 475 F.3d 214, 218–19 (4th Cir.2007). If the party moving for judgment as a matter of law bears the burden of proof on the claim, the court may only grant the motion if: "(1) the movant has established its case by evidence that the jury would not be at liberty to disbelieve and (2) the only reasonable conclusion is in the movant's favor." *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1065 (Fed.Cir.1998) (quoting *Hurd v. Am. Hoist & Derrick, Co.*, 734 F.2d 495, 499 (10th Cir.1984)) (internal quotations omitted).

### III. Analysis

While courts are not to simply rubber stamp a jury's verdict, judges believe that judgment as a matter of law is a power to be applied sparingly and only in the most extraordinary circumstances. CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2524 (3d ed.2008). No weighing of the evidence or credibility determinations are permitted. I made none. *See Baynard*, 268 F.3d at 234–35 ("We must view the evidence in the light most favorable to [the non-movant], and draw all reasonable inferences in his favor without weighing the evidence or assessing the witnesses' credibility.").

■ What the video shows cannot be reconciled with the jury's verdict. The vid-

eo shows Deputy Asbury grabbing the plaintiff by the throat. The video shows Deputy Asbury punching the plaintiff in the face with his fist. The video shows the officers leaving an injured Mr. Sawyer lying on the holding center floor. Mr. Sawyer walked into the holding center uninjured, and he left with a fractured nose and battered face. While Mr. Sawyer's verbal threats against Deputy Asbury were disgusting, they were still only words, and a pretrial detainee's words do not justify an officer's use of such force. *See Cobb*, 905 F.2d at 789.

I **FIND** that no reasonable jury was at liberty to disregard the video evidence showing Deputy Asbury choking and punching Mr. Sawyer for no purpose other than inflicting unnecessary and wanton pain and suffering. I **FIND** that Deputy Asbury thereby violated Mr. Sawyer's right under the Due Process Clause to be free from excessive force while in pretrial detention.

Accordingly, the court **GRANTS** the plaintiff's Renewed Motion for Judgment as a Matter of Law on the issue of liability and **ORDERS** judgment entered for the plaintiff and **ORDERS** a new trial be set as to the issue of damages.[2]

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

2. Rule 50(c)(1) requires a court to rule on any motion for a new trial if it grants a renewed motion for judgment as a matter of law. FED. R.CIV.P. 50(c)(1). Based on the reasons set forth above, I **FIND** that the verdict is "against the clear weight of the evidence" and "will result in a miscarriage of justice." *Conner v. Schrader–Bridgeport Int'l, Inc.*, 227 F.3d 179, 200 (4th Cir.2000). Accordingly, I conditionally **GRANT** the plaintiff's Motion for a New Trial [Docket 58].