**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DRAVON AMES,

    Plaintiff-Appellant,

v.

CITY OF TEMPE, a municipality; et al.,

    Defendants-Appellees.

No.   23-15609

D.C. No. 2:20-cv-02102-DWL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted April 2, 2024
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Dravon Ames sued the City of Tempe and two of its police officers,

Cameron J. Payne and Cody Conklin, under 42 U.S.C. § 1983, alleging the officers

violated his Fourth and Fourteenth Amendment rights by using excessive force

against him. The district court granted summary judgment in favor of defendants,

concluding that the officers were entitled to qualified immunity. The district court

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

also awarded costs to defendants. On appeal, Ames argues: (1) the district court misapplied the summary judgment standard; (2) the officers are not entitled to qualified immunity; and (3) the district court abused its discretion in awarding costs to defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment and decision on qualified immunity. *Vazquez v. County of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020). We review a district court's award of costs for an abuse of discretion. *Id.* We affirm.

1. The district court correctly applied the summary judgment standard. At summary judgment, the parties relied on the same evidence: the officers' testimony and bodycam footage. No other evidence was presented to the district court. Ames did not submit a declaration or testimony.[1] Ames contends that unless the bodycam footage "conclusively corroborate[d]" the officers' testimony, the district court could not "accept [those] statements" for the purposes of summary judgment. That is incorrect. The question before the district court at summary judgment was not whether the bodycam footage corroborated the officers' testimony, but whether the bodycam footage contradicted the officer's testimony such that there was a genuine

_____

[1] Ames argues that at summary judgment he was not required to submit an affidavit to contradict the officers' testimony. That is correct. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). But the district court did not determine that Ames needed to submit a competing affidavit to defeat summary judgment. Rather, the district court determined that there was no genuine dispute of material fact when viewing the officers' testimony and bodycam footage in the light most favorable to Ames.

dispute of material fact. *See Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999) ("This court does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial."). The district court correctly concluded that because the bodycam footage did not contradict the officers' testimony that Ames resisted the officers' initial attempt to detain him, kicked Officer Payne, and grabbed Officer Conklin's gun, there was no genuine dispute of material fact. *See Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). Ultimately, Ames cannot manufacture a fact dispute by raising "some metaphysical doubt" about the officers' testimony by pointing to inconclusive bodycam footage. *See Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

2. The district court correctly concluded that the officers were entitled to qualified immunity. "Qualified immunity shields government officials under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Hernandez v. Town of Gilbert*, 989 F.3d 739, 743 (9th Cir. 2021) (quotation marks omitted). It was not clearly established that the officers' conduct was unlawful at the time Ames was detained. *See id.* (explaining that courts "may address the two prongs in any order," then "consider[ing] only the second prong"). "A clearly established

right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).

Ames "bears the burden of showing that the rights allegedly violated were clearly established." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000) (quotation marks omitted). Ames points to four instances where he says the officers used excessive force: when the officers (1) went "hands on," (2) attempted to apply a carotid hold, (3) used focused punches, and (4) tased Ames twice while attempting to detain him. We conclude that Ames has failed to meet his burden to present cases that "articulate[] a constitutional rule specific enough to alert *these* [officers] *in this case* that *their particular conduct* was unlawful." *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (emphasis in original).

First, Ames does not point to a single case holding that officers violate the Constitution where they go "hands on" when attempting to detain a resisting arrestee.

Second, Ames points only to *Glazer v. City of Long Beach*, 210 F. Supp. 2d 1131 (C.D. Cal. 2000), to argue that an officer's attempted use of a carotid hold is unconstitutional. But *Glazer* made no such holding; the district court merely denied summary judgment because there was "a factual dispute regarding plaintiff's reaction to [the officer's] initial efforts to arrest him." *Id.* at 1137.

4

Third, Ames cites out-of-circuit cases to argue that the "use of punches, knees, and assaults on an arrestee" is a clearly established violation of the Constitution. *See Cooper v. Brown*, 844 F.3d 517, 525 (5th Cir. 2016) (holding that an officer "had 'fair warning' that subjecting a compliant and non-threatening arrestee to a lengthy dog attack" violated the Fourth Amendment); *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (holding the Fourth Amendment prohibited an officer from "forcefully slam[ming]" an arrestee's "face into a vehicle" when the arrestee was restrained, not resisting, and not attempting to flee); *Fetty v. City of Baton Rouge*, 534 F. Supp. 3d 616, 633 (M.D. La. 2021) (holding that "punching, kneeing, and assaulting an arrestee who is neither fleeing nor resisting arrest is excessive" and violates the Fourth Amendment); *Sawyer v. Asbury*, 861 F. Supp. 2d 737, 746 (S.D. W. Va. 2012) (holding an officer violated the Due Process Clause of the Fourteenth Amendment where the officer punched a pretrial detainee in the face in response only to the detainee's verbal threats). But these cases are too factually dissimilar to put the officers on notice that their conduct was unconstitutional. Unlike Ames's proffered cases, where the plaintiffs were not resisting, it is undisputed that Ames resisted the officers' initial attempt to detain him, kicked Officer Payne, and clawed at Officer Conklin's face. Ames points to no case holding that it is a violation of his constitutional rights for officers to use punches to detain a resisting arrestee.

Fourth, regarding the taser deployment, Ames's reliance on *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. 2011) (en banc) and *Jones v. Las Vegas Metropolitan Police Department*, 873 F.3d 1123 (9th Cir. 2017) is misplaced. Those cases are too factually dissimilar to set forth a clear constitutional rule that would have put the officers in this case on sufficient notice that tasing Ames was unconstitutional. Officer Payne tased Ames for five seconds and then again (thirty seconds later) for one second. The duration and severity of the taser use was therefore less severe than in *Jones*, where a nonthreatening suspect was tased "for over ninety seconds," 873 F.3d at 1127, and in *Mattos*, where an officer applied a taser three times and in "rapid succession" on a nonthreatening suspect. 661 F.3d at 445-46. Ames does not present a case clearly establishing that the taser use here was excessive.

3. The district court did not abuse its discretion in granting costs to defendants. Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." That rule "creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The presumption that costs be awarded to the winning party "provides all the reason a court needs." *Id.* at 945. Ames has failed to show that this is the "rare occasion where severe injustice will result from an award of

costs (such as the injustice that would result from an indigent plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs)" because he did not adequately show that he would be rendered indigent if forced to pay. *See id.*

**AFFIRMED.**